Atwood v. Atwood.

---

WINFIELD S. ATWOOD ET AL. v. MARY A. ATWOOD.

FILED MAY 22, 1895.   No. 5992.

Partition: FINAL ORDER: REVIEW.   In the petition of a widow
the prayer was for judgment confirming her share in, and the
partition of, certain real estate owned by her deceased husband,
and that if division of such lands could not be made in kind
between herself and his four children, a sale should be ordered
and the proceeds thereof divided according to the respective

rights of the parties.  A demurrer having been sustained to an answer, the record merely thereafter reciting "judgment of a partition as prayed for in the petition," is *held* not to disclose a final judgment.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J.

*Pound & Burr* and *L. H. Blackledge*, for plaintiffs in error.

*J. W. Cole, contra.*

RYAN, C.

This action for petition was brought by the defendant in error in the district court of Hitchcock county against the plaintiffs in error, who, as children of the deceased husband of the defendant in error, were alleged to hold undivided shares in the real estate of which their father died seized.  There was filed a demurrer to an answer to this petition, which was sustained, whereupon the record recites there was "judgment of partition as prayed for in the petition."  As the above quoted language was all that by any construction could be claimed to amount to a final judgment, it is important to consider what in fact was the prayer of the petition therein contemplated.  It was as follows : " This plaintiff therefore prays that judgment may be entered confirming her share of said estate, as set forth in the foregoing petition, and that partition of said described lands may be had according to the respective rights of the parties interested therein, or, if the same cannot be equitably divided, that said premises may be sold and the proceeds thereof divided between the parties according to their respective rights, and that plaintiff may have all other proper and equitable relief."  The order of "judgment as prayed for in the petition" left still undetermined what were the rights of the respective parties,

and whether or not a division could be made without a sale of the entire property, and until the settlement of these questions, at least, it could not be claimed that there had been rendered a final judgment. This error proceeding is therefore

DISMISSED.